Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5733 | **DATE** | 7/18/2001 |
| **CASE TITLE** | Landingham vs. Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order.  Defendant's motion to dismiss [22-] is denied.  Status hearing is set for 8/2/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 19 2001 date docketed | 29 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUL 18 PM 3:06 | |
| | Copy to judge/magistrate judge. | 7/18/2001 date mailed notice | |
| MD | courtroom deputy's initials | | MD mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Edward Landingham, | ) |
| Plaintiff, | ) |
| | ) 99 C 5733 |
| v. | ) |
| William Henderson, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff's second amended complaint alleges that defendant William Henderson, Postmaster General of the United States, discriminated against him based on his disability, in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et. seq.*, which, at § 791(g), incorporates by reference the standards applied under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12111 *et seq*. Plaintiff alleges that he qualifies as "an individual with a disability" within the meaning of the ADA due to a back condition and alcohol addiction and complains that his termination "due to a number of unexplained absences was a pretext for disability discrimination." (Compl. ¶ 20.) Defendant moves to dismiss the complaint pursuant to Rule 12 (b)(6). For the reasons articulated below, the court denies defendant's motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1080 (7th Cir. 1997).

Dismissal is appropriate only if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Johnson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke* v. *City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## FACTS

Plaintiff's complaint alleges the following facts: In October 1970, plaintiff received a career appointment with the United States Postal Service and was employed at the Fort Dearborn location for about 26 years. Jerry Averhart was plaintiff's supervisor prior to his last discipline and termination.

Since 1971, plaintiff has suffered from a back condition and alcohol addiction which have substantially limited one or more of his major life activities, qualifying him as an individual with a disability under the ADA.[1] Plaintiff has a record of these impairments; the Postal Service was aware that he suffered from these impairments; and, during the course of his employment, plaintiff's disabilities required him to take several days off from work. Plaintiff believes that all his absences or requests for leave were documented by his employer and should be contained in his personnel file. Moreover, plaintiff believes that Averhart was aware of his back condition and alcohol addiction, and that Averhart knew these conditions required plaintiff to miss work on various dates form December 1995 through April 12, 1996.

---

[1] The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

2

On or about February 5, 1996, Averhart issued plaintiff a 14-day suspension for alleged unexplained or unapproved absences without informing plaintiff or giving him an opportunity to explain or discuss the alleged absences prior to the suspension. On or about April 11, 1996, Averhart claimed that he instructed plaintiff to go to the first aid office because he believed that plaintiff was under the influence of alcohol on the job. On that same day, plaintiff provided the Postal Service with a doctor's note explaining at least one of the allegedly unexplained absences. On July 19, 1996, plaintiff was terminated from his employment due to these alleged unexplained absences. Plaintiff claims that a number of these absences were excused absences necessitated by his disability, and, in actuality, he was terminated by defendant in an attempt to rid the Fort Dearborn office of disabled employees. Hence, plaintiff believes that the defendant's claim that he was terminated due to unexplained absences is a pretext for disability discrimination. Moreover, plaintiff alleges that his personnel records were either inaccurately maintained or falsified in order to show that these absences were unapproved. Plaintiff claims that as a result of the defendant's discrimination he has suffered lost wages and benefits and lost employment opportunities and promotions, as well as substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other losses.

## DISCUSSION

Before bringing a claim under the Rehabilitation Act in federal court, a plaintiff must first exhaust all administrative remedies. *Gibson* v. *West*, 201 F.3d 990, 994 (7th Cir. 2000). As part of this requirement, a plaintiff must contact an EEO counselor to attempt to resolve the issue informally prior to filing a complaint. 29 C.F.R. § 1614.105(a). This initial contact must take place "within 45 days of the date of the matter alleged to be discriminatory or, in the case of

3

personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Failure to comply with this requirement bars an employee from bringing suit in federal court unless he presents an equitable defense. *Johnson* v. *Runyon*, 47 F.3d 911 (7th Cir. 1995).

Defendant argues that plaintiff failed to comply with the time requirement because the complaint states that his termination occurred on or about July 19, 1996, and plaintiff's initial EEO contact was not made until June 4, 1997. Defendant contends, therefore, that the complaint should be dismissed unless plaintiff can present an equitable defense.

Plaintiff responds that defendant has waived his exhaustion defense, that he properly contacted an EEO counselor within the 45-day period, or, in the alternative, that he has an equitable defense because he did not discover his discrimination claim until the pre-complaint time period had passed. With regard to his waiver argument, plaintiff argues that failure to adhere to time limits operate like statutes of limitations, rather than jurisdictional rules, and are subject to waiver, estoppel and equitable tolling. Plaintiff further asserts that the EEOC regulations mandate that the Postal Service dismiss a complaint prior to a request for a hearing if the complainant did not comply with the applicable time limits, that failure to do so results in an extension of the time limit by waiver, and that defendant waived this defense by failing to raise it at the administrative level. In response to this argument, defendant cites several cases which state that federal agencies do not lose the right to object to an untimely EEO complaint by simply accepting and investigating the complaint. *See, e.g., Boyd* v. *Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985); *Blount* v. *Shlala*, 32 F.Supp. 2d 339, 340 (D.Md. 1999) (citing *Rowe* v. *Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992)); *Dailey* v. *Carlin*, 645 F. Supp. 146 (E.D. Mo. 1987). The Seventh Circuit recently held, however, that "when an agency decides the merits of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a

4

subsequent lawsuit." *Ester* v. *Principi*, 250 F.3d 1068, 1071-72 (7th Cir. 2001). In this case, the Postal Service accepted the complaint and issued a decision on its merits without addressing the timeliness of the plaintiff's initial EEO contact.[2] Therefore, defendant has waived his timeliness defense in this proceeding.

## CONCLUSION

For the above-stated reasons, the court denies defendant's motion to dismiss [#22]. This matter is set for status on August 2, 2001, at 9:30 a.m.

Date: July 18, 2001

Enter: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

---

[2] In conjunction with his Response Brief, plaintiff submitted a number of exhibits in support of his position. Courts are generally restricted to considering the allegations and exhibits contained in the complaint when deciding a motion to dismiss. *Ribando* v. *United Airlines*, 200 F.3d 507, 510 (7th Cir. 1999). The court may decide at its discretion to consider the outside materials and convert the action to a summary judgment proceeding under Rule 56. *Id.* In this case, plaintiff has not urged a conversion and defendant has made clear that he objects to such conversion. As such, the court will disregard plaintiff's exhibits, except the court will take judicial notice of the Postal Service's final agency decision issued on June 3, 1999. "[T]hat decision--the result of plaintiff's exhaustion of [his] administrative remedies--is the basis for this court's jurisdiction and, therefore, is central to plaintiff's claim." *Davis* v. *Browner*, 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000) (citing *Gibson*, 201 F.3d 990 (7th Cir. 2000)). Exhibits referred to in a complaint and central to a plaintiff's claim are considered as part of the pleadings. *See Wright* v. *Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assoc.* v. *Zenith Data Sys.*, 987 F.2d 429. 431 (7th Cir. 1993)). Here, plaintiff's complaint alleges that jurisdiction is proper. Moreover, defendant cited *Ester* as pertinent authority regarding plaintiff's waiver argument, thereby admitting that the Postal Service issued a final agency decision. *See also Radaszewski* v. *Metro. Water Reclamation Dist. of Greater Chicago*, No. 96 C 8320, 1998 WL 386358 (N.D. Ill. 1998) (court can take judicial notice of administrative agencies when considering a motion to dismiss).

5